1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

UNITED STATES OF AMERICA,

7

Plaintiff,

8

v.

CR15-205

9

ORDER

DIVINE SON IRVIS,

10

Defendant.

11

12

THIS MATTER comes before the Court on defendant's second motion for

13

compassionate release, docket no. 54.  Having reviewed all papers filed in support of, and

14

in opposition to, the motion, the Court enters the following order DENYING the motion.

15

**Background**

16

In August 2015, defendant Divine Son Irvis pleaded guilty to (i) possession of

17

heroin with intent to distribute, and (ii) being a felon in possession of a firearm.  *See* Plea

18

Agr. (docket no. 20).  In January 2016, he was sentenced to 144 months in the custody of

19

the Federal Bureau of Prisons ("BOP").  *See* Judgment (docket no. 31).  Defendant is

20

currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon, and has

21

a projected release date of October 12, 2025.  *See* Probation Memo. at 1 (docket no. 58).

22

Defendant seeks modification of his term of imprisonment pursuant to 18 U.S.C.

23

ORDER - 1

1  § 3582(c)(1)(A)(i) on the ground that his services are needed to care for his ill mother and

2  minor child.  Defendant's previous motion for compassionate release was also predicated,

3  in part, on his familial circumstances, and the Court denied the earlier motion by Order

4  entered March 3, 2021, docket no. 52.

5  **Discussion**

6       A sentence is generally considered final and may not be altered except in limited

7  circumstances.  *See* 18 U.S.C. § 3582(b); *see also* *Dillon v. United States*, 560 U.S. 817,

8  824 (2010).  Pursuant to the First Step Act of 2018, however, a defendant may request a

9  reduction in the term of incarceration after exhausting administrative remedies.  *See* 18

10  U.S.C. § 3582(c)(1)(A).  The parties agree that Divine Son Irvis has satisfied the

11  exhaustion requirement, and he must now establish "extraordinary and compelling

12  reasons" justifying a reduction in his sentence.  *Id.* at § 3582(c)(1)(A)(i).  Among the

13  types of "extraordinary and compelling reasons" recognized in the United States

14  Sentencing Guidelines ("USSG") are:

15         (A) The death or incapacitation of the caregiver of the defendant's minor
       child . . . .

16

17         (C) The incapacitation of the defendant's parent when the defendant would
       be the only available caregiver for the parent.

18  USSG § 1B1.13(b)(3).  Irvis attempts to invoke both of these provisions, but as to the

19  latter, he has not made the requisite showing that he is the only available caregiver for his

20  65-year-old mother, Kathleen Anderson, who is an alcoholic and has dementia.  Irvis's

21  sister and her 16-year-old daughter reside with Anderson, *see* Probation Memo. at 2

22  (docket no. 58), and although Irvis's sister struggles to deal with Anderson's behavior

23  ORDER - 2

1   and chronic intoxication, _see_ Lashaunda Irvis Decl. at ¶¶ 4–9 (docket no. 54-5), she is

2   nevertheless an available caregiver.  _See_ _United States v. Crocker_, No. 16-cr-122, 2020

3   WL 7079132, at *3 (D. Or. Dec. 1, 2020) ("Most district courts agree . . . that when a

4   defendant has not shown that he or she is the only available caretaker [of a sick parent],

5   compassionate release is not warranted.").

6        Thus, the only potential basis for a sentence reduction involves the care of Irvis's

7   7-year-old daughter, A.I., who resides with Anderson, as well as Irvis's sister and his

8   teenage niece.  The record does not reflect whether Anderson is A.I.'s legal guardian, and

9   Irvis has provided no information about the current whereabouts and status of A.I.'s

10   mother, Heidi Latimer, who was released from BOP custody on April 21, 2016.  _See_

11   _United States v. Latimer_, W.D. Wash. Case No. CR06-233, Judgment (docket no. 116).

12   Irvis's sister indicates that she does "what [she] can to take care of [her mother and A.I.]

13   but they are alone together a lot because [she] work[s] full time."  Lashaunda Irvis Decl.

14   at ¶ 6 (docket no. 54-5).  A family friend looks after A.I. whenever possible, but works

15   night shifts and has other family obligations.  _See_ Moody Decl. at ¶¶ 2–3 (docket no. 54-

16   6).  Irvis has two other children, both of whom are adults, but they deny having the ability

17   to serve as caregiver for A.I.  _See_ Kea Johnson Letter (docket no. 54-1); Jaelen Divine

18   Irvis Letter (docket no. 54-2).  A.I.'s situation does seem unstable, but the Court is not

19   convinced that the only solution is an immediate release of Irvis, who has been in federal

20   custody since before A.I. was born and has never been A.I.'s primary caregiver.

21        In deciding whether to grant compassionate release, the Court must consider the

22   factors set forth in 18 U.S.C. § 3553(a).  _See_ 18 U.S.C. § 3582(c)(1)(A).  Having done so,

23   ORDER - 3

1  the Court concludes that, even if Irvis could demonstrate the required "extraordinary and

2  compelling reasons" to support his motion, a reduction of his sentence would not be

3  consistent with § 3553(a), given the nature, circumstances, and seriousness of his crimes

4  of conviction, his history and characteristics, and the need to promote respect for the law,

5  afford adequate deterrence, and protect the public from future offenses Irvis is likely to

6  commit.  *See* 18 U.S.C. §§ 3553(a)(1) & (2)(A)–(C).  As the Court observed in denying

7  the earlier motion for compassionate release, Irvis is a repeat offender, having previously

8  been convicted of drug-trafficking offenses, and having violated the terms of supervised

9  release in a prior case by committing the crimes in this matter, *i.e.*, possessing a firearm

10 in connection with yet another offense involving a controlled substance.  Order at 4 n.2 &

11 7–8 (docket no. 52); *see* PSR at ¶¶ 18, 35, & 41 (docket no. 23).  He has at least three

12 convictions for assault, one involving his then-pregnant girlfriend, the mother of his now

13 19-year-old son.  *See* PSR at ¶¶ 37-39 & 62 (docket no. 23).  In addition, Irvis has been

14 far from a model prisoner, accruing six violations while in BOP custody, for assaultive,

15 insolent, and substance-related behavior.  *See* Def.'s Ex. 10 (docket no. 54-10).  Although

16 Irvis has made recent efforts toward reform,[1] the Court is not persuaded that Irvis is ready

17 to reside with someone with the level of alcohol addiction, as well as cognitive decline,

18

19 _____

20 [1] In August 2021, Irvis assisted another inmate who was experiencing a medical emergency and
   received a $50 reward for "heroism."  *See* Monetary Special Award Recommendation (docket
   no. 60-1).  In November 2022, Irvis completed a two-week basic cognitive skills program, and in
21 February 2023, he participated in an anger management course.  Def.'s Ex. 9 (docket no. 54-9).
   Irvis enrolled in the Residential Drug Abuse Program, but the record does not reflect whether he
22 has yet finished the typically nine months of treatment.

23 ORDER - 4

1  that his mother has.  The Court has serious concerns that Irvis will relapse, and concludes

2  that the risk of reoffense on Irvis's part, if he is released prematurely from prison, poses a

3  serious danger to the community.

4  **Conclusion**

5       For the foregoing reasons, the Court ORDERS:

6       (1)    Defendant's second motion for compassionate release, docket no. 54, is

7  DENIED; and

8       (2)    The Clerk is directed to send a copy of this Order to all counsel of record.

9       IT IS SO ORDERED.

10      Dated this 13th day of December, 2023.

11

12                                              _____

13                                              Thomas S. Zilly
                                                United States District Judge

14

15

16

17

18

19

20

21

22

23  ORDER - 5